UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

YOLONDA SHORT,
    Plaintiff,

-vs-                                        Case No.
                                            Hon.
AMERICAN WEB LOAN, INC.,         **DEMAND FOR JURY TRIAL**
LEAD EXPRESS, INC.,
TAKEHISA NAITO,
CLARITY SERVICES, INC.,
Company Identified as LD EXP/GENTLE BREEZE,
doing business in Los Angeles, California
    Defendants.

**COMPLAINT & JURY DEMAND**

*Yolonda Short states the following claims for relief:*

**INTRODUCTION**

1. Personal financial information may reveal the most private details of a consumer's lifestyle or mode of living, and any improper use constitutes an invasion of privacy of the consumer. As the banking and credit industries have developed systems and computer databases for legitimate, authorized and convenient access to this private financial information, it has become, as a consequence, more convenient for people and companies with no legitimate reason to illegally invade a person's privacy by impermissibly accessing consumer credit histories.

1

2. At the heart of this lawsuit is the illegal access and use of Ms. Short's Clarity credit report by American Web Loan, Inc., Lead Express, Inc., Takehisa Naito, and Ld Exp/Gentle Breeze.

3. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.* restricts the access and use of credit reports.  This statute provides an exhaustive list of the permissible purposes for which a report may be accessed, and provides penalties for any unauthorized use.

4. The FCRA regulates the conduct of users of this credit information – like Defendants American Web Loan, Inc., Lead Express, Inc., and Ld Exp/Gentle Breeze – when they access reports from consumer reporting agencies.

5. These consumer reporting agencies - like Defendant Clarity - must exercise the highest duty to prevent unauthorized access by their subscribers and prevent misuse of that information.

6. The FCRA expressly provides consumers with a private cause of action against the party illegally accessing the private information.  For violations of the privacy provisions of 15 U.S.C. § 1681b, this impermissible access provision is enforceable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is found to be willful or negligent.

## PARTIES

7. Plaintiff Yolonda Short ("Ms. Short" or "Plaintiff") resides in Auburn Hills, Michigan in the County of Oakland. Ms. Short is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c).

8. The Defendants to this lawsuit are:

    a. American Web Loan, Inc. ("American Web") which is an Oklahoma corporation doing business in Michigan.

    b. Lead Express, Inc. ("Lead Express") which is a foreign corporation doing business in Michigan.

    c. Takehisa Naito ("Mr. Naito") is a natural person and the founder and chief executive officer of Lead Express. Mr. Naito is a resident of the state of California.

    d. Clarity Services, Inc. ("Clarity") which is a foreign corporation doing business in Michigan. Clarity is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

    e. Ld Exp/Gentle Breeze ("Gentle Breeze") which is a foreign company doing business in Michigan.

## JURISDICTION

9. Yolonda Short brings this lawsuit under the FCRA, 15 U.S.C. § 1681 *et. seq.*

10. The claims within this lawsuit arise under federal law and this case presents a federal question.

11. Jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et. seq.*

## FACTUAL ALLEGATIONS

12. On April 8, 2014, and again on January 12, 2016, Ms. Short obtained copies of her Clarity consumer reports ("the consumer reports").

13. Those consumer reports demonstrate that American Web, Lead Express, and Gentle Breeze accessed Ms. Short's consumer reports.

14. As a prerequisite to obtaining Ms. Short's consumer report, American Web, Lead Express, and Gentle Breeze were required to certify to Clarity that they had a permissible purpose under the FCRA for accessing and using the reports.

15. American Web, Lead Express, and Gentle Breeze did not have a permissible purpose for the access and use of Ms. Short's consumer reports as set forth in 15 U.S.C. § 1681b.

16. Clarity provided American Web, Lead Express, and/or Gentle Breeze with access to Ms. Short's consumer report, without being provided a permissible purpose as required by the FCRA, 15 U.S.C. § 1681b and § 1681e.

17. Alternatively, American Web, Lead Express, and/or Gentle Breeze falsely certified a permissible purpose to Clarity in order to obtain access to Ms.

Short's consumer report, in violation of 15 U.S.C. § 1681b.

18. Ms. Short never applied for credit with American Web, Lead Express, or Gentle Breeze, nor provided these companies with permission to obtain her consumer credit reports.

19. American Web, Lead Express, and Gentle Breeze did not have a permissible purpose to access Ms. Short's consumer credit reports, and thus are in violation of the FCRA, 15 U.S.C. § 1681 *et. seq*.

20. As a direct and proximate cause of these violations, Ms. Short has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of her credit report or her personal identification information.

### Count I – Impermissible Accesses Under the FCRA (American Web, Lead Express, Mr. Naito, and Gentle Breeze)

21. Ms. Short incorporates the preceding allegations by reference.

22. American Web, Lead Express, and Gentle Breeze accessed and used the consumer reports of Ms. Short in violation of 15 U.S.C. § 1681b.

23. These Defendants did not have a permissible purpose for accessing Ms. Short's consumer reports.

24. These Defendants falsely certified a permissible purpose under 15 U.S.C. § 1681b for accessing Ms. Short's consumer report.

25. In the alternative, these Defendants failed to certify a permissible purpose

under 15 U.S.C. § 1681b for accessing Ms. Short's consumer report.

26. These Defendants willfully violated 15 U.S.C. § 1681b.

27. Alternatively, these Defendants negligently violated 15 U.S.C. § 1681b.

28. These Defendants are liable for their willful violations under 15 U.S.C. § 1681n.

29. Alternatively, these Defendants are liable for their negligent violations under 15 U.S.C. § 1681o.

30. Ms. Short has suffered damages as a result of these violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

## Count II – Impermissible Accesses Under the FCRA (Clarity)

31. Ms. Short incorporates the preceding allegations by reference.

32. American Web, Lead Express, and Gentle Breeze did not have a permissible purpose to access Ms. Short's consumer report.

33. Clarity knew or had reason to know that American Web, Lead Express, and Gentle Breeze did not have a permissible purpose and would affirmatively use Ms. Short's report for impermissible reasons.

34. Clarity negligently violated 15 U.S.C. §§ 1681b and 1681e.

35. Clarity is liable for its negligent violations under 15 U.S.C. § 1681o.

36. Alternatively, Clarity willfully violated 15 U.S.C. §§ 1681b and 1681e

37. Clarity is liable for its willful violations under 15 U.S.C. § 1681n.

38. Ms. Short has suffered damages as a result of these violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

## JURY DEMAND

39. Ms. Short demands a jury trial.

## RELIEF REQUESTED

40. *ACCORDINGLY, Ms. Short respectfully requests that this Court grant the following relief:*

    a. *Actual damages.*

    b. *Statutory damages.*

    c. *Punitive damages.*

    d. *Enjoin Defendants from further violations of the FCRA.*

    e. *Costs and attorney's fees.*

    f. *Any other relief that this Court finds just and appropriate.*

                                          Respectfully Submitted,

                                          By: <u>s/ Michael J. Bonvolanta</u>
                                          Michael J. Bonvolanta (P-80038)
                                          LYNGKLIP & ASSOCIATES
                                          CONSUMER LAW CENTER, PLC
                                          Attorney for Yolonda Short
                                          24500 Northwestern Highway, Ste. 206
                                          Southfield, MI 48075
                                          PHONE: (248) 208-8864
                                          MichaelB@MichiganConsumerLaw.Com

Dated: April 8, 2016